IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HALLORD ELLIS, | ) | 8:15CV214 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MARK FOXALL, MARY EARLEY, DR. J. ESCH, ALAN BOGSBY, CORRECT CARE SOLUTIONS, and DOUGLAS COUNTY, NEBRASKA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on initial review of Plaintiff Hallord Ellis's Complaint. For the reasons that follow, Ellis must show cause for why this case should not be dismissed for want of prosecution and for failure to serve process. Separately, in order for this case to proceed in this Court, Ellis must file an amended complaint that states a claim upon which relief may be granted.

I. BACKGROUND

Ellis filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the District Court of Douglas County, Nebraska, on May 15, 2015. (Filing No. 1-1 at ECF 2.) He sued various jail and medical staff members of the Douglas County Correctional Center ("DCCC") for their alleged failure to provide medical care for a torn tendon in his hand. Defendants included Douglas County, and two Douglas County employees, Mark Foxall and Mary Earley (together, "the county defendants"), and also Correct Care Solutions and two Correct Care Solution employees, Dr. J. Esch and Alan Bogsby. To date, Ellis has served only Mark Foxall with process. (Filing No. 1-1.)

The county defendants removed the case to this Court on June 11, 2015 (Filing No. 1); Ellis did not move to remand the case to state court. On July 20, 2015, the county defendants moved for partial dismissal of the case. (Filing No. 6.) The county defendants' motion remains pending and the Court will hold it in abeyance pending resolution of the matters set forth in this order.

## II. SUMMARY OF COMPLAINT

Ellis began his incarceration at the DCCC on May 17, 2014. In the days prior to his arrest, he injured his hand. At the time of his injury, he sought medical care at the Creighton Medical Center where he was informed that he had torn a tendon in his finger and that his injury would require surgery within one month from the date of injury. (Filing No. 1-1 at ECF 6.) Immediately after his arrest and incarceration, Ellis began to complain about his injury and his need for surgery. Ellis alleged his requests for medical attention were ignored for four months. (Filing No. 1-1 at ECF 7.) Ellis did not specify to whom he complained about his need for medical care.

In September of 2014, while still incarcerated at the DCCC, Ellis received a medical consultation at the Creighton Medical Center. There, he was informed surgery "was improbable" due to the amount of time that had elapsed since his injury. (Filing No. 1-1 at ECF 7.) Also at this consultation, a physician prescribed physical therapy to restore function in his hand. (Filing No. 1-1 at ECF 7.) On a date not specified in Ellis's Complaint, Esch and Bogsby refused to provide Ellis with this prescribed therapy. Also on a date not specified in the Complaint, Ellis grieved Esch and Bogsby's decision to Foxall and Earley, who decided to have him examined at the University of Nebraska Medical Center. There, his attending physician ordered physical therapy and a splint. This physician informed Ellis

2

that his injury was permanent and beyond repair due to the delay in obtaining surgery. (Filing No. 1-1 at ECF 8.)

For relief, Ellis seeks money damages for alleged violations of state and federal law. (Filing No. 1-1 at ECF 9– 11.)

### III.  SHOW CAUSE ORDER

Ellis will be required to show cause for why his claims against Douglas County, Earley, Correct Care Solutions, Esch, and Bogsby should not be dismissed for want of prosecution. Ellis's Complaint was filed in the state district court on May 15, 2015, and the suit was removed to this Court on June 11, 2015. To date, Ellis has only served Foxall with process.

Pursuant to Fed. R. Civ. P. 4, service must be accomplished within 120 days after the complaint is filed. This time period has expired. Ellis has not made any effort to serve these defendants, and he has not offered any reason for why he has not done so. Thus, Ellis is ordered to show cause within 30 days for why this case should not be dismissed for want of prosecution and for failure to serve process.[1]

### IV.  REVIEW PURSUANT TO SECTION 1915A

Even if the Court were to extend the time for service in this case, the Court would find that Ellis's Complaint fails to state a claim against Douglas County and its employees. The Court has an independent obligation to screen and, if necessary, dismiss prisoner complaints brought against governmental officers, entities, or employees pursuant to 28

---

[1] Although Ellis served Foxall with process, his failure to serve Douglas County makes Ellis's claims against Foxall also subject to dismissal. This is because, as discussed below, the Court construes Ellis's claims against Foxall as being against Douglas County.

3

U.S.C. § 1915A. *See, e.g., Duff v. Yount*, 51 Fed.Appx. 520 (6th Cir. 2002) (upholding section 1915A screening of removed case); *Miller v. Lagrange Cnty. Sheriff*, 2007 WL 670940, at *1 (N.D.Ind. Feb. 27, 2007) ("Because Mr. Miller is a prisoner as defined in § 1915A(c) and the defendants he seeks redress from are governmental officials, § 1915A requires the Court to screen his complaint, even though he originally filed it in state court."); *Hashim v. Berge*, 2002 WL 32359936, at *1 (W.D.Wis. Jan. 28, 2002) ("Defendant notes correctly that now that the case has been removed to federal court, the complaint must be screened pursuant to 28 U.S.C. § 1915A.").

Ellis sued Douglas County and two county employees, Foxall and Earley, in their official capacities. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). A claim against an individual in his *official capacity* is, in reality, a claim against the entity that employs the official, in this case, Douglas County. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity.") (internal citations omitted)).

As a municipality, Douglas County can be liable under § 1983 only if a municipal policy or custom caused Ellis to be deprived of a federal right or if the municipality failed to adequately train its employees. *Snider v. City of Cape Girardeau*, 752 F.3d 1149, 1160 (8th Cir. 2014) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. N.Y.*

*Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Ellis made no such allegations in this case.

Thus, in order for this matter to proceed against Douglas County, Ellis must file an amended complaint that states a claim upon which relief may be granted against Douglas County. Accordingly,

IT IS ORDERED that:

1. In order for this case to proceed any further in this Court, Ellis must file the following two separate documents within 30 days: (a) a response to this order showing cause for why this case should not be dismissed for want of prosecution and for failure to serve process; and (b) an amended complaint that states a claim upon which relief may be granted against Douglas County. Failure to file either document will result in the Court dismissing this case without prejudice and without further notice.

2. The county defendants' motion for partial dismissal of the case is held in abeyance pending resolution of the issues discussed in this order.

3. To avoid confusion, any document Ellis submits to the clerk of the court for filing must clearly display the case number.

4. The clerk of the court is directed to set the following case management deadline: December 4, 2015: check for response and separate amended complaint.

DATED this 30th day of October, 2015.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge