IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HALLORD ELLIS, | ) | 8:15CV214 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| MARK FOXALL, MARY EARLEY, | ) | **MEMORANDUM** |
| DR. J. ESCH, ALAN BOGSBY, | ) | **AND ORDER** |
| CORRECT CARE SOLUTIONS, and | ) | |
| DOUGLAS COUNTY, NEBRASKA, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Motion to Dismiss filed by Defendants Douglas County, Nebraska, Mark Foxall, and Mary Earley (collectively the "County Defendants"). (Filing No. 17.) Plaintiff has not responded to the motion and the matter is fully submitted for disposition.

For the reasons explained below, the County Defendants' Motion to Dismiss will be granted.

## I. BACKGROUND

Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the District Court of Douglas County, Nebraska, on May 15, 2015. (Filing No. 1-1 at CM/ECF p. 2.) He sued various jail and medical staff members of the Douglas County Correctional Center ("DCCC"), in both their official and individual capacities, for their alleged failure to provide medical care for a torn tendon in his hand. Defendants included Douglas County, and two Douglas County employees, Mark Foxall and Mary Earley. Plaintiff also named Correct Care Solutions and two Correct Care Solution employees, Dr. J. Esch and Alan Bogsby, as Defendants. The County Defendants removed the case to this Court on June 11, 2015 (Filing No. 1). On July

20, 2015, the County Defendants moved for partial dismissal of the case. (Filing No. 6.) To date, Foxall is the only Defendant who has been served in this action.

On October 30, 2015, the Court conducted an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. The Court concluded that Plaintiff had failed to state a claim upon which relief could be granted against Douglas County. Accordingly, the Court entered a Memorandum and Order directing Plaintiff to file two separate documents within 30 days: (1) a document showing cause why the case should not be dismissed for want of prosecution and failure to serve process and (2) an amended complaint. Plaintiff was advised that failure to file either document would result in dismissal of the case. The Court also informed the parties that the County Defendants' motion for partial dismissal would be held in abeyance.

On November 25, 2015, Plaintiff moved for an extension of time to submit the documents required by the October 30, 2015 Memorandum and Order. (Filing No. 9.) On December 7, 2015, Plaintiff filed an Amended Complaint (Filing No. 10), as well as a motion seeking to serve Defendants out of time. (Filing No. 11). On December 28, 2015, the County Defendants filed a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(4), (5), and (6). (Filing No. 17.)

## II. SUMMARY OF AMENDED COMPLAINT

Plaintiff's Amended Complaint (Filing No. 10) generally alleges as follows:

Plaintiff began his incarceration at DCCC on May 17, 2014. In the days prior to his arrest, he injured his hand. At the time of his injury, he sought medical care at Creighton Medical Center where he was informed that he had torn a tendon in his hand and that his injury would require surgery within a month. Immediately after his arrest, Plaintiff complained to Earley, Bogsby, and Foxall about his need for surgery. Plaintiff also informed Earley, Bogsby, and Foxall that he would suffer permanent injury if he did not have surgery within a month from the day the injury occurred.

Despite his complaints of pain, Plaintiff's requests for medical attention were allegedly ignored for four months.

In September of 2014, while still incarcerated at DCCC, Plaintiff received a medical consultation at Creighton Medical Center. There, he was informed that surgery "was improbable" due to the amount of time that had elapsed since his injury. Also, at this consultation, a physician prescribed physical therapy to restore function in his hand. After returning to DCCC, Plaintiff made several requests to Esch and Bogsby regarding his need for physical therapy. Esch and Bogsby refused his requests, telling Plaintiff that his injury was not life threatening. Plaintiff grieved Esch and Bogsby's decision to Foxall and Earley. Foxall and Earley decided to have Plaintiff examined at Creighton Medical Center. There, his attending physician ordered physical therapy and a splint. This physician informed Plaintiff that his injury was permanent and beyond repair due to the delay in treatment.

Plaintiff alleges that Earley, Bogsby, Foxall, and Esch failed to provide him prompt medical care and that the delay in treatment caused permanent injury to his hand. He also asserts that Douglas County has a policy or custom of not proving adequate medical attention to inmates if it believes the medical treatment will be expensive. For relief, Plaintiff seeks money damages for alleged violations of state and federal law.

## III. ANALYSIS

The County Defendants have moved to dismiss this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when a plaintiff pleads facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pro se complaints "must be liberally construed, and pro se litigants are held to a lesser

pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

To state a claim under § 1983, Plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff alleges that the County Defendants were deliberately indifferent to his need for medical treatment in violation of his Eighth and Fourteenth Amendment rights.[1] For the reasons explained below, Plaintiff has failed to state cognizable claims against Defendants.

## A.     Defendants Douglas County and Douglas County Employees Acting in Their Official Capacities

Plaintiff has sued Douglas County and Douglas County employees acting in their official capacities. A claim against an individual in his official capacity is, in reality, a claim against the entity that employs the official, in this case, Douglas County. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992). As a municipality, Douglas County can only be liable under § 1983 if a municipal policy or custom caused his injury. *See Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978).

Plaintiff has failed to plausibly suggest that an official Douglas County policy or custom caused the allegedly deficient medical care. Here, Plaintiff alleges that Douglas County has a policy and custom of not providing adequate medical attention to inmates if it believes medical treatment will be expensive. However, other than Plaintiff's own single experience, the Amended Complaint alleges no facts supporting

_____

[1] As a pretrial detainee, Plaintiff's claim of inadequate medical care arises under the Fourteenth Amendment, but is nonetheless analyzed under the Eighth Amendment standard. *Butcher v. Fletcher*, 465 F.3d 340, 344 (8th Cir. 2006).

the actual existence of a custom or policy that denies expensive medical treatment to inmates. This isolated incident of misconduct alleged by Plaintiff does not establish a municipal policy or custom creating liability under § 1983. *See Ulrich v. Pope County,* 715 F.3d 1054, 1061 (8th Cir. 2013) (stating that, in general, an isolated incident of misconduct cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983). Therefore, Plaintiff's claims against Douglas County and the Douglas County employees in their official capacities will be dismissed.

## B.     Defendants Foxall and Earley in Their Individual Capacities

Plaintiff also brings his claims against Defendants Foxall and Earley in their individual capacities. Foxall and Earley argue that summary judgment in their favor is appropriate because they are entitled to qualified immunity.

Qualified immunity shields governmental officials sued in their individual capacities from personal liability if their actions, even if unlawful, were nevertheless objectively reasonable in light of the clearly established law at the time of the events in question. *Anderson v. Creighton,* 483 U.S. 635, 638-41 (1987). In short, "qualified immunity shields a defendant from suit if he or she could have reasonably believed his or her conduct to be lawful in light of clearly established law and the information [that the defendant] possessed. . . . The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Smithson v. Aldrich,* 235 F.3d 1058, 1061 (8th Cir. 2000) (citations and quotations omitted). Moreover, qualified immunity is "the usual rule" and state actors will enjoy qualified immunity in all but "exceptional cases." *Foy v. Holston,* 94 F.3d 1528, 1532 (11th Cir. 1996).

Qualified immunity requires a two-part inquiry: (1) whether the facts shown by the plaintiff show a violation of a constitutional or statutory right and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *Nance*

*v. Sammis,* 586 F.3d 604, 609 (8th Cir. 2009). If no reasonable fact finder could answer yes to both of these questions, the official is entitled to qualified immunity.

Plaintiff alleges Foxall and Earley violated his Fourteenth and Eighth Amendment rights because they were deliberately indifferent to his medical needs. To establish a § 1983 claim for deliberate indifference, Plaintiff must demonstrate that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Johnson v. Hamilton,* 452 F.3d 967, 972-73 (8th Cir. 2006). "Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Schaub v. VonWald,* 638 F.3d 905, 914-15 (8th Cir. 2011) (citation omitted).

Plaintiff maintains that he sustained permanent harm to his hand because he was not provided surgery within 30 days of his injury. Plaintiff's allegations fall far short of stating a cognizable claim. Plaintiff's allegations do not support the inference that Defendants refused to treat him, ignored his complaints, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical need. To the contrary, according to the Amended Complaint, Plaintiff received a medical consultation at Creighton Medical Center in September, 2014. Thereafter, in response to grievances, Plaintiff was again examined at Creighton Medical Center per the directions of Foxall and Earley. In short, nothing indicates Defendants acted with a sufficiently culpable state of mind to satisfy the deliberate indifference standard.

Moreover, Plaintiff has alleged insufficient factual content from which this Court may plausibly conclude that a reasonable official in either Foxall or Earley's position would have known that his or her actions were unlawful. Foxall and Earley did not ignore Plaintiff's medical needs. Plaintiff admits that his hand was examined on at least two occasions while he has incarcerated at DCCC. He also alleges that he received additional medical care at the direction of Foxall and Earley. Plaintiff did not plead facts suggesting he was unable to function in everyday activities or that his

medical needs were so obvious that Foxall and Earley should have recognized the need for a doctor's immediate attention. Therefore, Foxall and Earley are entitled to qualified immunity.

## C. Plaintiff's State Law Claims

Plaintiff has also raised state law claims for negligence against the County Defendants. The Court declines to exercise jurisdiction over these state law claims given that it is dismissing all federal claims against the County Defendants. However, the Court will dismiss Plaintiff's state-law claims without prejudice to reassertion in the proper forum.

## D. Claims against Correct Care Solutions, Dr. J. Esch, and Alan Bogsby

It appears Plaintiff contends that Defendants Correct Care Solutions, Esch, and Bogsby are also Douglas County employees or governmental officials. If this is true, Plaintiff has failed to state a claim. As explained previously, Plaintiff received medical care while at DCCC. Plaintiff did not plead facts suggesting that his medical needs were so obvious that Defendants should have recognized the need for a doctor's immediate attention. In fact, Plaintiff alleges that, in response to his grievances, Esch and Bogsby told Plaintiff that his injury was not life threatening. This allegation demonstrates that Defendants did not act with a sufficiently culpable state of mind to satisfy the deliberate indifference standard.

If Correct Care Solutions, Esch, and Bogsby are not governmental officials, Plaintiff would only have state law claims against them. As explained above, the court declines to exercise jurisdiction over Plaintiff's state law claims.

IT IS ORDERED:

1.    The County Defendants' Motion to Dismiss Plaintiff's Amended

Complaint (Filing No. 17) is granted.  Plaintiff's § 1983 claims asserted against the County Defendants are dismissed with prejudice.  Plaintiff's state law claims against the County Defendants are dismissed without prejudice.  Plaintiff's claims against Defendants Correct Care Solutions, Dr. J. Esch, and Alan Bogsby are dismissed without prejudice.

2.      The County Defendants' Partial Motion to Dismiss (Filing No. 6) is denied as moot.

3.      Plaintiff's Motion for Extension of Time (Filing No. 9) is denied as moot.

4.      Plaintiff's Motion for Leave to Serve Defendants (Filing No. 11) is denied as moot.

DATED this 23rd day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge